UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ELMER EMERIC, BETSY LAGARES, their
conjugal partnership, and their minor daughter
ASHLEY EMERIC,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA, JOHN
DOE, and JIM DOE,

    Defendants.

Civil No. 09-1806 (JAF)

**OPINION AND ORDER**

Plaintiffs sue the United States and unknown tortfeasors under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, alleging negligent infliction of actual harm. (Docket No. 1.) Plaintiffs move for partial summary judgment, on the issue of Defendants' liability, and for a trial date on damages. (Docket Nos. 11; 25; 28.) Plaintiffs also move for fact and expert discovery deadlines. (Docket No. 30.) The United States opposes Plaintiffs' motion for partial summary judgment and for a trial date on damages (Docket Nos. 16; 22; 29), and Plaintiffs reply (Docket No. 24). The United States also moves to dismiss for lack of subject matter jurisdiction. (Docket No. 17.) Plaintiffs oppose that motion (Docket No. 18), and the United States replies (Docket No. 22).

## I.

## **Background**

We derive the following facts regarding liability from Plaintiffs' statement of uncontested facts (Docket No. 11-2), which the United States confirmed as uncontested (Docket No. 16-2 at 1). On July 7, 2006, Plaintiff Ashley Emeric was aboard a bus owned by the U.S. government and operated by its employee during the course of his official duties. Plaintiffs suffered damages due to an accident caused by that employee's negligent operation of the bus.

We derive the following facts regarding exhaustion of administrative remedies from the parties' submissions on that issue. (Docket Nos. 17; 18; 22.) We note that Plaintiffs' description of their exhaustion efforts (Docket No. 18) goes uncontested by the United States (Docket No. 22). On March 25, 2008, Plaintiffs timely filed an administrative claim with the United States. On July 2, 2008, Department of Army claims attorney Joseph J. Frattallone ("Frattallone") requested via letter additional information and documentation from Plaintiffs, notifying them that noncompliance would frustrate the resolution of their claim. On December 31, 2008, Plaintiffs' counsel replied but did not provide all the requested documents. On January 27, 2009, Frattallone sent another round of similar correspondence to Plaintiffs.

In February 2009, U.S. Army Claims Service attorney Walter E. Parker IV ("Parker") corresponded with Plaintiffs' counsel via phone and e-mail regarding Plaintiffs' claim. On April 22, 2009, Parker and Plaintiffs met for further resolution of the claim. On May 20, 2009, Parker and Plaintiffs met to discuss settlement of the claim; the United States there provided Plaintiffs a structured settlement offer. The parties failed to settle the claim at that time. On

August 14, 2009, Plaintiffs filed suit in this court due to the government's failure to resolve their claim administratively within six months of their having filed it. (Docket No. 1.)

## II.

## Analysis

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

The United States argues that Plaintiffs did not exhaust their administrative remedies before filing this suit, as required, since they did not provide the specific documents requested by Frattallone. (See Docket Nos. 17; 22.) The United States claims that Plaintiffs' failure to provide said documents accounts for the parties' inability to reach a settlement. (Docket No. 22.)

Under Federal Rule of Civil Procedure 12(b)(1), a movant may bring either a "factual challenge" or a "sufficiency challenge" to a court's subject-matter jurisdiction. Valentín v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). A movant may raise a factual challenge by contradicting the "jurisdictional facts" that a plaintiff alleges. Id. Under a sufficiency challenge, the court takes the plaintiff's "jurisdictionally-significant facts as true," draws "all reasonable inferences from them in [the plaintiff's] favor," and then "assess[es] whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." Id. As the United States does not dispute the jurisdictional facts Plaintiffs allege (see Docket No. 22), we construe the instant as a sufficiency challenge.

Before filing suit under the FTCA, a plaintiff must exhaust her administrative remedies through the relevant government agency. 28 U.S.C. § 2675(a). A failure to do so deprives this

court of subject matter jurisdiction over the prematurely-filed suit. See, e.g., Santiago-Ramirez v. Sec'y of Dep't of Def., 984 F.2d 16, 18-19 (1st Cir. 1993). A plaintiff exhausts administrative remedies once she has given the agency information sufficient for its investigation of the claim and has demanded of the agency a sum certain. See id. at 19. This exhaustion requirement is designed to give the government an opportunity to settle the claim prior to suit. See id.; Lopez v. United States, 758 F.2d 806, 809-10 (1st Cir. 1985) ("The claims process is meant largely to furnish notice to the government sufficient to allow it to investigate the alleged negligent episode to determine if settlement would be in the best interests of all.").

The United States in this case would demand of Plaintiffs more than is required to exhaust administrative remedies. Plaintiffs provided the United States adequate opportunity to settle their claim, as is evident from the fact that the United States offered Plaintiffs a structured settlement at a settlement meeting. Nevertheless, the United States argues that this case is similar to Swift v. United States, in which the plaintiffs' attorney received letters from the government agency looking to settle the claim prior to suit—similar to those Plaintiffs' counsel received from Frattallone in the instant suit—and the attorney simply did not respond. 614 F.2d 812 (1st Cir. 1980). Having ignored the government's correspondence, the attorney filed suit after his clients' claim turned six months old. Id. at 813-14. The First Circuit there found that the attorney's neglect rendered impossible the government's assessment of his clients' claim. Id. at 814.

By contrast, in the case at hand, Plaintiffs' attorney did not ignore or neglect the government. Rather, Plaintiffs' attorney failed to provide all documentation that the government

Case 3:09-cv-01806-JAF   Document 31   Filed 05/05/10   Page 5 of 6

Civil No. 09-1806 (JAF)                                                                                              -5-

deemed necessary to substantiate Plaintiffs' claimed damages so that it could settle for the amount Plaintiffs demanded. This failure to provide documentation in the context of settlement, unaccompanied by the neglect found in Swift, does not constitute a failure to exhaust administrative remedies under the FTCA. See Santiago-Ramirez, 984 F.2d at 19; see also Lopez, 758 F.2d at 809-10 (citing with approval Adams v. United States, 615 F.2d 284 (5th Cir. 1980), clarified in 622 F.2d 197 (5th Cir. 1980)). As Plaintiffs here did all that was required to exhaust their administrative remedies, we have subject matter jurisdiction over the instant suit.

**B.     Motion for Partial Summary Judgment as to Liability**

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The elements of a tort claim under the FTCA are governed by the substantive law of the state or territory in which it is brought—in this case, Puerto Rico. 28 U.S.C. §§ 1346(b), 2674. In Puerto Rico, a defendant is liable if the plaintiff proves an injury, a negligent or intentional act or omission, and a sufficient causal nexus between the injury and the act or omission. 31 L.P.R.A. § 5141 (1993); see also Wojciechowicz v. United States, 582 F.3d 57, 66 (1st Cir. 2009).

As the United States makes no argument in opposition to Plaintiffs' motion for partial summary judgment—outside its challenge to this court's subject matter jurisdiction, discussed in Part II.A—we find that no genuine issue of material fact exists as to the United States'

Civil No. 09-1806 (JAF) -6-

liability. And, given the facts outlined above in Part I, we find that the United States is liable to Plaintiffs under 31 L.P.R.A. § 5141. We make no finding here as to Plaintiffs' claims against the Defendant unknown tortfeasors.

## III.

### Conclusion

Given the foregoing, we hereby **DENY** the United States' motion to dismiss (Docket No. 17) and **GRANT IN PART** Plaintiffs' motion for partial summary judgment and for a trial date on damages (Docket No. 11). We find the United States liable to Plaintiffs and **ORDER** a **trial on damages beginning September 13, 2010, at 9:00 A.M.**[1] We also **GRANT** Plaintiffs' unopposed motion for fact and expert discovery deadlines (Docket No. 30), and set them as follows: **Fact discovery is due June 15, 2010; the United States' expert report is due July 15, 2010; and expert discovery shall close on August 15, 2010.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of May, 2010.

s/ José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge

---

[1] In subsequent motions for a trial date, Plaintiffs suggested that the trial be held in September 2010. (See Docket Nos. 25; 28.) The United States stated that it too could be ready for trial in September 2010. (Docket No. 29.)